THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. ANTONIO BELTRÁN BENÍTEZ, Defendant and Appellant.

No. 10782. Argued March 19, 1945.—Decided April 27, 1945.

*Francisco García Quiñones* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal)*, and *Luis Negrón Fernández, Asst. Prosecuting Attorney*, for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

The appellant was sentenced for the crime of mayhem. In the appeal brought before this court the transcript of the evidence was not filed but on the day set for the hearing he demurred to the information on the ground that it does not state sufficient facts to constitute mayhem. Hence the question to be decided is whether the information charges the offense of mayhem defined by § 212 of the Penal Code (1937 ed.), to wit:

"Every person who unlawfully and maliciously deprives a human being of a member of his body, or disables, disfigures, or renders it useless, or cuts or disables the tongue, or puts out an eye, or slits the nose, ear or lip, is guilty of mayhem."

According to this Section, the offense consists in unlawfully and maliciously (*a*) depriving a human being of a member of his body, or (*b*) disabling, disfiguring, or rendering said member useless, or (*c*) cutting or disabling the tongue, or putting out an eye, or slitting the nose, ear, or lip. In the present case the complaint charges that the appellant "did unlawfully, wilfully, and maliciously with the criminal intent to commit mayhem, assault and batter Carmen Julia Malavé, a human being, with a cutting instrument inflicting an incise wound on the left side of her face, disfiguring and disabling her permanently."

Under the common law mayhem was limited to injuries affecting the members of the body which were of use in fighting either for assault or defense. The ground for treating it as a crime being, as pointed out by Blackstone, that it was an offense tending to deprive the King of the aid and assistance of his subjects, or as stated by Lord Coke, for the members of every subject are under the safeguard and protection

of the law, to the end a man may serve his King and country when occassion shall be offered. "Mayhem as dependent on part of body injured and extent of injury," 16 A.L.R. 955; 1 Wharton's Criminal Law (12th. ed.), § 767, pp. 1048 *et seq.*

By the words "a member of the body" is meant the extremities, *State* v. *District Court,* 173 N.W. 857 (Minn., 1919); but since in the present case the wound was inflicted in one side of the face—not in the tongue, eye, nose, ear or lip—and not in a member of the body, although the face is disfigured, mayhem is not committed. See the cases reviewed under subtitle IV (*a*), "Head," of the Annotation, *supra,* p. 962.

Since it does not appear from the information in the present case that the appellant deprived the injured woman of a member of her body, nor that he disabled, disfigured, or rendered it useless, nor maimed any of the organs specifically mentioned in § 212, we must conclude that the crime of mayhem was not committed.

The case of *The People* v. *Concepción,* 30 P.R.R. 443 (1922), in so far as it may be inferred therefrom that this court held that a wound in the right side of the face could constitute mayhem, is overruled.

For the reasons stated the judgment appealed from must be reversed and the defendant acquitted.